IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES R. FEITSHANS,<br><br>        Defendant. | 4:16CR3064<br><br>**ORDER** |

The indictment against Defendant arises from a traffic stop of a vehicle he was driving on December 4, 2015. At the time of the stop, a canine sniff was conducted and the dog allegedly indicated to the odor of narcotics. The vehicle was searched and officers found large amounts of United States currency and other evidence of illegal drug activity. Defendant filed a motion to suppress, (Filing No. 19). The hearing on that motion is currently set for December 1, 2016.

Defendant now moves to continue the hearing because a new attorney has reviewed the case and entered an appearance, that attorney cannot attend the hearing as currently scheduled, and Defendant wants to file an additional motion to suppress challenging the canine sniff conducted at the time of the traffic stop. (Filing No. 29).

The deadline for filing pretrial motions was initially set for July 5, 2016. (Filing No. 13). On Defendant's motions, that deadline was continued to August 5, 2016, (Filing No. 16), and then to September 6, 2016. (Filing No. 19). Defendant's pending motion to suppress was timely filed on September 6, 2016, and was set for hearing on November 9, 2016. (Filing No. 22). At Defendant's request, that hearing was continued to December 1, 2016. (Filing No. 27). Defendant now wants to continue that hearing so he can file a motion to suppress which challeges the "reliability of the K-9, Sacha's, alert," which will require "discovery concerning K-9, Sacha's training and experience" and retaining "a qualified expert to review the facts concerning the Sacha's alert, and its training and experience." (Filing No. 29). Defendant's new counsel "is still conducting interviews of

experts concerning the K-9 reliability, and requires more time to complete investigation and discovery of issues." (Filing No. 29). [1]

> Under Rule 45 (b)(1) of the Federal Criminal Rules:
>
> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> > (A) before the originally prescribed or previously extended time expires; or
> >
> > (B) after the time expires if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45(b)(1).

Defendant's pending motion to continue is not limited to moving the evidentiary hearing set for December 1, 2016: It seeks to permit an otherwise untimely motion to suppress the canine sniff. As to continuing the deadline for filing pretrial motions, the motion to continue was not timely filed: It was not filed before September 6, 2016, the court-ordered deadline for filing motions to suppress, and there is no showing of excusable neglect. Fed. R. Crim. P. 45(b)(1).

---

[1] Defendant's motion further states that he "understands that the time sought by the extension may be excluded from any calculation of time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and "[w]ith this understanding and knowledge, agrees to the filing of the motion; and waives the right to a speedy trial." (Filing No. 29). So long as Defendant's current motion to suppress is pending, the time is excluded under the Speedy Trial Act—with or without Defendant's consent.

That said, Defendant is not the only party to this lawsuit. The public also has an interest in speedy disposition of criminal cases. And with Defendant's stated need to conduct additional discovery and further investigate possible experts to support his new suppression claims, the public's interest in prompt resolution of this case would certainly be undermined if the court grants Defendant another continuance and sets a new pretrial motion deadline.

Finally, the court's scheduling order deadlines provide for the orderly disposition of all cases. Disruption of that scheduling by one party impacts not only the court's schedule, but can negatively impact others appearing before this forum.

Even if Defendant's motion to continue was timely filed, the court may extend the deadline only upon a showing of "good cause." Fed. R. Crim. P. 45(b)(1). The primary and threshold measure of good cause is the movant's diligence in attempting to meet the deadlines set within a court's order. Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).

Defendant is not asking for leave to challenge evidence just recently received from the government. He is moving to file a new motion to suppress which challenges the canine sniff Defendant personally witnessed nearly a year ago. Defendant has known from the outset of this case that the canine sniff allegedly provided the probable cause for searching his vehicle. Long before the September 6, 2016 deadline for filing pretrial motions, Defendant possessed the facts necessary to prompt an investigation, and to investigate and challenge the canine sniff. He has failed to show due diligence in attempting to meet the court-ordered pretrial motion deadline, and has therefore failed to show "good cause" to extend that deadline.

Defendant is also moving to continue the suppression hearing due to the unavailability of his additional attorney, who entered an appearance only three days ago. It is unclear when that attorney accepted this case, and whether she accepted this case knowing she is unable to attend the suppression hearing already scheduled in this court. Moreover, Defendant remains represented by Nebraska counsel who can represent Defendant's interests at the hearing.

Accordingly,

IT IS ORDERED that Defendant's motion to continue, (Filing No. 29), is denied.

November 28, 2016.
BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge